From this decree, the defendants appealed. The following was the opinion of this Court, delivered by Judge ItOAXK.
The Court
is of opinion, that the letters in the proceedings contained, viz. one from the appellee to the appellant Fitxhugh, of Jan. 15, 1814; the answer thereto, of Feb. 6th, 1814; and the reply thereto, of Feb. 10th, 1814, amounted to a complete and concluded contract for the land the subject of controversy. The first of these letters, (written, too, with the assent of Mr. Brooke the agent of Fitxhugh,) enquires of him whether the said land was for sale; what were his terms by the acre for the same; and states the payments it would be convenient for him *86 make,’one of which was to pay down $1000 immediately to Air. Brooke. The answer to this letter states the price Mr. Fitzhugh is willing to take for the land, hut a]s0 states Ms wish that the purchaser should take upon himself the responsibility of “establishing the lines of the tract.” He also accedes to the appellee’s terms of payment, and requires the appellee to answer the letter “ as soon as possible,” in case he is “ disposed to accede to the” terms therein stated. Nothing can fall more completely within the idea of an offer, than this letter; in coming into the appellee’s proposals of payment; in requiring him to answer the letter “ as soon as possible,” adding as a reason therefor that he had other offers for the said land; and, above all, in wishing to know whether the appellee accedes to these terms. This expression accede is entirely characteristic of a definite offer of the land, and can not be reconciled to the idea of the letter being only one link of a loose correspondence or treaty relating thereto. The appellee’s reply to this letter, which was promptly made, states that he will “ take the land on the terms proposed,” and will have the lines ascertained. He then goes on, however, to express his wish that Mr. Brooke the agent of Fit%hugh, should attend to the settlement of a part of the boundaries, thro’ motives of delicacy in relation to one of the co-terminous tenants; not waiving or abandoning, however, his acceptanee of the terms proposed.
If this Contract is not conclusive for the sale of the land, it is almost impossible that any should be so, which is made by means of letters: it would amount to this, that no contract can be made, unless both the parties are personally present.
As for the criticism upon the word “ immediately,”.. used in the first letter, it only meant that the payment would be prompt, and is in contradistinction to a credit payment. The money was tendered without any unreasonable delay; and that delay arose from the intermediate conduct of Fitahugh in selling the land to another.
With respect to the purchase by Grinnan from Brooke, that agent was not only limited in his power of selling, *87 f>ut the contract was submitted by Brooke to his principal with the knowledge and approbation of Orinnan, and was not ratified or concluded by FitxJmgh until his previo us sale to Jones had put it out of his power.
Of Jones’s purdíase, Grinnan was well apprised at the time his purchase was completed, and therefore he can not stand on higher ground in relation to it, than Mr. Fitzhugh does from whom he purchased.
As to the objection that this contract should not he enforced because it violates the law respecting pretensed titles, it is to be remarked that this point is not put in issue by the pleadings, nor had the appellee such notice of it as would enable him to meet and obviate it. It is also to he remarked, that it would he much too rigorous to vacate the sale of a large tract of land, altogether, because on one of the out lines (perhaps,) a few acres might chance to be holden adversely at the time, and which arises too, (for aught appearing to the contrary) from a difference of opinion as to the true position of a given • boundary.
The decree is therefore affirmed with costs? and the cause is remanded, to be finally consummated between the parties, according to the principles thereof.